THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| JOKES & NOTES, INC., d/b/a RENAISSANCE ) | |
| BRONZEVILLE, JADA KIMBLE, PIERRIE HAYMER, ) | |
| and TESHA SMITH, as Independent Administrator of the ) | |
| Estate of JORDAN KIMBLE, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by its undersigned attorney, brings this Complaint for Declaratory Judgment against Defendants, JOKES & NOTES, INC. d/b/a Renaissance Bronzeville, JADA KIMBLE, PIERRIE HAYMER, and TESHA SMITH, as Independent Administrator of the Estate of JORDAN KIMBLE, and alleges and states as follows:

**STATEMENT OF THE CASE**

1. Scottsdale brings this insurance coverage action to obtain a judicial declaration that it does not have the duty to defend or indemnify Jokes & Notes, Inc. d/b/a Renaissance Bronzeville ("Jokes & Notes") under the Bodily Injury Liability Coverage Part of the subject Policy, in connection with three consolidated Cook County, Illinois lawsuits by Jada Kimble, Pierrie Haymer, and Tesha Smith, as Independent Administrator of the Estate of Jordan Kimble ("Underlying Consolidated

Lawsuits[1]"). The Underlying Consolidated Lawsuits arise out of injuries Jada Kimble, Pierrie Haymer and Decedent Jordan Kimble allegedly sustained on November 7, 2021, as a result of a shooting at Renaissance Bronzeville in Chicago, Illinois.

## THE PARTIES

2. Plaintiff, Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

3. Defendant, Jokes & Notes is a corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

4. Defendant, Jada Kimble is a citizen of Illinois and resident of this District. Ms. Kimble is a potentially interested party by virtue of her status as a plaintiff in the Underlying Consolidated Lawsuits.

5. Defendant, Pierrie Haymer is a citizen of Illinois and resident of this District. Mr. Haymer is a potentially interested party by virtue of her status as a plaintiff in the Underlying Consolidated Lawsuits.

6. Defendant, Tesha Smith, as Independent Administrator of the Estate of Jordan Kimble, is a citizen of Illinois by virtue of Jordan Kimble's Illinois citizenship upon his death. Ms. Smith is a potentially interested party by virtue of her status as a plaintiff in the Underlying Consolidated Lawsuits.

## JURISDICTION AND VENUE

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Jokes & Notes, Jada Kimble, Pierrie Haymer, and Tesha Smith, as Independent Administrator of the Estate of Jordan Kimble, on the other

---

[1] The Underlying Lawsuits were consolidated on February 22, 2024, by Order of the Circuit Court of Cook County, Illinois. The lawsuits are encaptioned as follows: *Jada Kimble v. Jokes & Notes* (2022 L 001790); *Pierrie Haymer v. Jokes & Notes* (2023 L 011236); *and Tesha Smith, as Independent Administrator of the Estate of Jordan Kimble v. Jokes & Notes. Inc.* (2023 L 011272).

hand; and (b) the amount in controversy with regard to the Underlying Consolidated Lawsuits well exceeds $75,000, as the Underlying Consolidated Lawsuits seek damages against Jokes & Notes for Jordan Kimble's wrongful death and injuries sustained by Jada Kimble and Perrie Haymer as a result of a shooting at Jokes & Notes's restaurant, Renaissance Bronzeville. Moreover, the *ad damnum* for each of the three Underlying Consolidated Lawsuits exceeds $50,000, for a total in excess of $150,000.

8. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this judicial district, in that the dispute giving rise to the Underlying Lawsuits occurred in this district, the Underlying Lawsuits are pending in this district, and the subject insurance policy was issued in this district.

9. An actual justiciable controversy exists between Scottsdale, on the one hand, and Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## POLICY

10. Scottsdale issued to Jokes & Notes a commercial general liability insurance policy, No. CPS7289369, effective January 6, 2021, to January 2, 2022 ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

11. The Policy contains the following Insuring Agreement for bodily injury liability coverage (Coverage A):

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty

> to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. …

\* \* \*

12. The Policy is endorsed by the Assault and/or Battery Limited Liability Coverage Endorsement (GLS-285s 4-18), ("A&B Endorsement") which provides as follows:

> Except as provided by this endorsement, this policy does not apply to … "bodily injury" … arising from:
>
> \* \* \*
>
> **3.** Assault and/or Battery that committed by:
>
> > **a.** Any insured;
> > **b.** Any employee/"employee" of any insured; or
> > **c.** Any other person.
>
> **4**. The failure to suppress or prevent Assault and/or Battery by any person in **3.a.-c** above;
>
> \* \* \*
>
> **6.** The negligent:
>
> > **a.** Employment;
> > **b.** Investigation;
> > **c.** Supervision;
> > **d.** Hiring
> > **e.** Training;
> > **f.** Monitoring;
> > **d.** Reporting to the proper authorities, or failure to so report; or
> > **e.** Retention
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **3.** and **4.** above.
>
> We will have no duty to defend any "suit" against you seeking "damages" as a consequence for any such injury… .

\* \* \*

## UNDERLYING LAWSUIT

13. The operative complaint in the Jada Kimble Lawsuit alleges negligence against Jokes & Notes. A true and correct copy of Jada Kimble's Underlying Complaint is attached hereto and incorporated herein as **Exhibit B**.

14. Jada Kimble's Complaint alleges that on November 7, 2021, a fight broke out at the Renaissance Bronzeville, where Jada was attending a family party, and a person pulled out a gun and started shooting, resulting in Jada being shot.

15. The operative complaint in the Pierrie Haymer Lawsuit alleges negligence against Jokes & Notes. A true and correct copy of Pierrie Haymer's Underlying Complaint is attached hereto and incorporated herein as **Exhibit C**.

16. Pierrie Haymer's Complaint alleges that on November 7, 2021, a fight broke out at the Renaissance Bronzeville, where Pierrie was attending a family party, and a person pulled out a gun and started shooting, resulting in Pierrie being injured.

17. The operative complaint by Smith alleges two counts against Jokes & Notes, a survival action and wrongful death. A true and correct copy of Smith's Underlying Complaint is attached hereto and incorporated as **Exhibit D**.

18. Smith alleges that on November 7, 2021, a fight broke out at the Renaissance Bronzeville, where Jordan was attending a family party, and a person pulled out a gun and started shooting, resulting in Jordan suffering injuries and then dying.

19. The Underlying Consolidated Lawsuits each allege that Jokes & Notes misrepresented that it provided security services; failed to prevent the shooting; failed to respond to the fight on the premises, putting guests at risk; failed to have adequate security and surveillance and appropriately station security checkpoints throughout the restaurant; failed to warn guests that it was not providing adequate security; failed to close the restaurant when it knew the restaurant was unsafe, and failed to implement appropriate procedures and training for responding to violent activity. The Underlying

Consolidated Lawsuits further allege that as a proximate result of these acts, Jada, Pierrie, and Jordan suffered injuries and/or death.

20. Scottsdale is defending Jokes & Notes in each of the Underlying Consolidated Lawsuits, subject to a reservation of rights. Scottsdale specifically reserved all rights under the Policy in connection with the A&B Endorsement.

### COUNT I – NO DUTY TO DEFEND JOKES & NOTES
### UNDER COVERAGE A – BODILY INJURY LIABILITY

21. Scottsdale incorporates by reference paragraphs 1-20 above as if fully stated herein.

22. The Policy's A&B Endorsement precludes coverage for "bodily injury" arising out an Assault and/or Battery committed by any insured, any employee of any insured, or any other person.

23. The Policy's A&B Endorsement further precludes coverage for "bodily injury" arising out of the failure to suppress or prevent Assault and/or Battery by any insured, employee of any insured, or any other person. The A&B Endorsement also excludes the negligent supervision, training, and monitoring of its employees, to the extent that the employees' conduct results in Assault and/or Battery.

24. The Underlying Consolidated Lawsuits each seek damages for injuries and/or death sustained as a result of an Assault and/or Battery.

25. Hence, the A&B Endorsement bars all coverage for the Underlying Consolidated Lawsuits the Policy's Bodily Injury Liability Coverage Part (Coverage A), and in turn, Scottsdale has no duty to defend Jokes & Notes in the Underlying Consolidated Lawsuits under the Policy's Bodily Injury Liability Coverage Part (Coverage A).

### COUNT II – NO DUTY TO INDEMNIFY JOKES & NOTES
### UNDER COVERAGE A – BODILY INJURY LIABILITY

26. Scottsdale incorporates by reference Paragraphs 1-25 above as if fully stated herein.

27. Since Jokes & Notes cannot be liable under any theory in the Underlying Consolidated Lawsuits that could potentially fall within Coverage A of the Policy based on the A&B Endorsement, and since Scottsdale has no duty to defend Jokes & Notes in the Underlying Consolidated Lawsuit, under the Policy's Bodily Injury Liability Coverage Part, Scottsdale necessarily has no duty to indemnify Jokes & Notes against any adverse judgment or settlement in the Underlying Consolidated Lawsuits, at least as respects the Policy's Bodily Injury Liability Coverage Part (Coverage A).

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend Jokes & Notes in the Underlying Consolidated Lawsuits under the Policy's Bodily Injury Liability Coverage Part (Coverage A);

B. Scottsdale has no duty to indemnify Jones & Notes in the Underlying Consolidated Lawsuits under the Policy's Bodily Injury Liability Coverage Part (Coverage A); and

C. Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: March 28, 2024                                             Respectfully submitted,

                                                                  By: /s/ Jonathan L. Schwartz_____
                                                                  Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
Katherine A. Ferry
FREEMAN MATHIS & GARY LLP
33 N. Dearborn St, Ste. 1430
Chicago, IL 60602
Tel: (773) 389-6440
Jonathan.Schwartz@FMGLaw.com
Kate.Ferry@FMGLaw.com